Case 8:21-cv-00279-CEH-CPT Document 1-2 Filed 02/05/21 Page 1 of 24 PageID 6

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**Lawrence Miller,**

*Plaintiff,*

vs.

**Hunter Warfield, Inc.**

*Defendant.*

Case No.: ______________________________

Division: ______________________________

Ad Damnum: **$2,000 + Atty Fees & Costs**

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Lawrence Miller** (“**Mr. Miller**”), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Hunter Warfield, Inc**. (“**Hunter Warfield**”), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Miller, an individual consumer, against Hunter Warfield for violations of the ***Fair Credit Reporting Act***, 15 U.S.C. §1681, *et seq.* (“**FCRA**”) and the ***Fair Debt Collection Practices Act***, 15 U.S.C. §1692, *et seq.* (“**FDCPA**”).

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, and Section 34.01, Florida Statutes.

3. Hunter Warfield is subject to the provisions of the FDCPA, the FCRA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, under Section 47.051, Florida Statutes, as the Defendant’s primary place of business is in Hillsborough County, Florida.

## PARTIES

### Mr. Miller

5. **Mr. Miller** is a natural person and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCRA, 15 U.S.C. §1681a(c).

### Hunter Warfield

6. **Hunter Warfield** is a Florida corporation with a primary business address of **4620 Woodland Corporate Blvd, Tampa, FL 33614**.

7. Hunter Warfield's Registered Agent is **Stephen Sobota, 4620 Woodland Corporate Blvd., Tampa, FL 33614.**

## DEFENDANT IS A DEBT COLLECTOR

8. Hunter Warfield is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), in that it uses an instrumentality of interstate commerce, including the postal mail, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Hunter Warfield holds a ***Consumer Collection Agency*** ("**CCA**") license from the Florida Office of Financial Regulation, license number **CCA0900654**. As a licensed CCA, Hunter Warfield knows, or should know, the requirements of the FDCPA and the FCRA.

## FACTUAL ALLEGATIONS

10. Around 2007, Mr. Miller leased an apartment at Clifton Manor Apartments ("**Clifton Manor**"), an apartment community in Cincinnati, Ohio.

11. The Clifton Manor apartment was Mr. Miller's personal residence.

12. Pursuant to the last lease Mr. Miller signed, the landlord of the property was Gaslight Property, LLC ("**Gaslight**").[1] **SEE PLAINTIFF'S EXHIBIT A.**

13. Around 2012, Mr. Miller's mother became critically ill, causing Mr. Miller to return to Philadelphia to care for her.

14. Mr. Miller spoke with Gaslight's staff and informed them of his relocation.

15. Mr. Miller explained that he intended to keep his lease active and would continue to pay rent, but would not be living in the unit for an extended period of time.

16. Mr. Miller instructed Gaslight to mail him any correspondence and not to post anything to his door or place it under the door, as he would not be there to receive it.

17. Mr. Miller continued to pay rent for nearly a *decade*, never missing a payment.

18. Clifton Manor is a small apartment building, constructed in 1928, with roughly 25 rental units.

19. Gaslight, as landlord for Clifton Manor, knew that Mr. Miller was absent – that he was renting the apartment but living in another state.

20. At various times during his absence, Gaslight, through its office staff, communicated with Mr. Miller and entered his apartment for maintenance related issues.

21. At some time, unknown to Mr. Miller, a water leak from another unit or within the structural walls of the building itself caused a significant amount of water to enter Mr. Miller's apartment, causing significant damage.

[1] It should be noted that the lease identifies Gaslight as the 'agent for the owner of the property' rather than the 'landlord'; however, the owner of the property was never disclosed to Mr. Miller – the lease obligated him to pay Gaslight monthly, required him to provide notice to Gaslight, and treated Gaslight as the landlord. Thus, the name of the original creditor – the party to whom Mr. Miller owed his payments under the lease – was Gaslight, regardless of any undisclosed beneficiary of such payments.

22. The leak and resultant damage were caused by the negligence of others and/or Clifton Manor, and was not attributable to Mr. Miller.

23. In February 2020, Mr. Miller informed Gaslight management that he no longer intended to lease the unit, as he had decided to remain in Philadelphia and would not be returning to Cincinnati.

24. On April 9, 2020, Gaslight provided a statement of account to Mr. Miller, claiming $18,091.85 was owed. **SEE PLAINTIFF'S EXHIBIT B.**

25. The bulk of these charges included the sum of $14,828.64 allegedly owed for labor relating to repairing water damage caused by structural problems.

26. As aforementioned, the water damage was the responsibility of another tenant, or Clifton Manor itself.

27. Both the final statement of account, as well as Mr. Miller's lease agreement, indicated the entity to whom rent and any other charges owed was *Gaslight*. ***Id.***

28. Around May 24, 2020, Gaslight, or an agent acting on its behalf or some unknown successor-in-interest, placed the purported $18,091 debt (the "**Debt**") with Hunter Warfield for collection.

29. The Debt arose from transactions which were for family, personal, or household purposes, specifically transactions for personal housing, and therefore meets the definition of *Debt* within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

**Improper Credit Report Request**

30. On May 27, 2020, Hunter Warfield requested a consumer credit report on Mr. Miller from Trans Union, LLC ("**Trans Union**"), a nationwide ***Consumer Credit Reporting Agency*** ("**CRA**").

31. This request was recorded by Trans Union. **SEE PLAINTIFF'S EXHIBIT C.**

32. To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer. *See* 15 U.S.C. §1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

33. A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods or services in advance of payment, with the consent of both parties. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols., Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

34. Neither the lease, nor any transaction between Mr. Miller and Gaslight, constituted an extension of credit, *i.e.*, one in which the consumer voluntarily participated and entered into an agreement to receive goods or services *in advance of payment*, with the consent of both parties.

35. Similarly, fees for late payments, damages or other claims made by Gaslight do not constitute an extension of credit, as they were immediately due and owing.

36. As such, the Debt did not arise from a credit transaction involving the consumer.

37. Hunter Warfield thus lacked a *permissible purpose* for obtaining a credit report regarding Mr. Miller.

38. Hunter Warfield knew the nature of the underlying Debt – that it was the result of a lease transaction – but nonetheless requested a CBR regarding Mr. Miller.

39. To obtain a CBR from a CRA, the requesting party must certify its permissible purpose to the CRA.

40. Hunter Warfield thus falsely certified to Trans Union that it had a permissible purpose under the FCRA to obtain Mr. Miller's report – *e.g.,* that the Debt involved a Credit Transaction.

41. Hunter Warfield's request for Mr. Miller's credit report was in connection with its collection of the Debt.

42. Indeed, the Trans Union report contained information which Hunter Warfield used, or could have used, to collect the Debt from Mr. Miller.

43. Mr. Miller has been damaged in that his personal and highly confidential information has been obtained by an entity with whom he did not consent and which had no other permissible purpose to obtain such information.

44. Mr. Miller has suffered severe emotional distress as a result of knowing that his credit report has been revealed to persons whom he never authorized to view his report.

**Falsehoods in Collection**

45. Around May 28, 2020, Hunter Warfield mailed Mr. Miller a collection letter, attempting to collect the Debt. **SEE PLAINTIFF'S EXHIBIT D.**

46. Hunter Warfield's letter stated that the original creditor *and* the current creditor of the Debt was "PATRICK PUTNEY GROUP LLC." ***Id.***

47. Hunter Warfield's letter also stated that interest would be assessed at the rate of 3% (presumably, annually) until the Debt was paid. ***Id.***

48. Hunter Warfield's letter was categorically false, as *Gaslight*, not Patrick Putney Group LLC, was the original creditor of the Debt.

49. Upon information and belief, Patrick Putney Group LLC is not the current creditor of the alleged Debt, either.

**Failed Debt Validation**

50. In mid-2020, Mr. Miller hired Ohio attorneys Mann & Mann LLC, who responded to Hunter Warfield's collection letter and disputed Mr. Miller owed any such debt.

51. To establish the Debt was owed, Hunter Warfield sent Mr. Miller, via Mann & Mann LLC, a "Move Out Inspection" report highlighting what it claimed were "14 issues" with Mr. Miller's now-vacated apartment. **SEE PLAINTIFF'S EXHIBIT E.**

52. The title page of the report indicated the move-out report concerned the "Trails of Saddlebrook."

53. The Trails at Saddlebrook is an apartment complex in Florence, Kentucky.

54. Mr. Miller has never leased an apartment at the Trails at Saddlebrook.

55. Despite possessing and providing validation of debt documents referencing the wrong apartment complex, Hunter Warfield considered the debt "verified" and continued collection proceedings against Mr. Miller.

**False Reports to the Consumer Credit Reporting Agencies**

56. Around July 2020, Hunter Warfield began reporting the Debt to the major consumer CRAs, including Equifax, Experian and Trans Union.

57. Reporting a debt to a CRA is an attempt to collect the Debt alleged therein.

58. In its reports, Hunter Warfield claimed that the original creditor was "PATRICK PUTNEY GROUP LLC." **SEE PLAINTIFF'S EXHIBIT F.**

59. As aforementioned, the original creditor was Gaslight.

60. Further, a search of the Ohio Secretary of State's website indicates no business called "Patrick Putney Group LLC" is registered in the state.

61. A Google search for the exact phrase "PATRICK PUTNEY GROUP LLC" reveals zero hits.

62. The false identification of the original creditor of an account materially disadvantages an unsophisticated consumer and is itself sufficient to violate the FDCPA. *See, e.g., Tourgeman v. Collins Fin. Servs., Inc.* 755 F.3d 1109 (9th Cir. 2014) ("We conclude that the misidentification of the original creditor is independently sufficient to constitute a violation of the Act. We are persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way.")

63. Moreover, the *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Trans Union, states that "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original). **SEE PLAINTIFF'S EXHIBIT G.**

64. The *Credit Reporting Resource Guide* instructs debt collectors like Hunter Warfield to "(r)eport the name of the company/creditor that originally opened the account for the consumer." ***Id.***

**Application of Unlawful Interest**

65. On September 5, 2020, Hunter Warfield made a new report to the CRAs, claiming that the $18,091 balance was now $18,197.

66. On information and belief, the additional $106 was due to Hunter Warfield's application of annual interest.

67. No written agreement exists authorizing the application of any interest to any unpaid debt to "PATRICK PUTNEY GROUP LLC."

68. Despite this, Hunter Warfield imposed interest unilaterally on the Debt.

69. Hunter Warfield added interest to the Debt because it adds interest to virtually every debt it collects, irrespective of whether any contractual or statutory provision for interest exists.

70. On information and belief, Hunter Warfield profits from the addition of interest since it remits the original principal balance, minus its commission, to its landlord clients which place debts for collection with it, and retains any assessed interest for itself.

71. In the alternate, if Hunter Warfield does remit any portion of the interest it collects to its clients, it still profits from the addition of interest without justification since it retains higher commission due to the inflation of the amount of the debt it collects from consumers.

72. Hunter Warfield has been sued multiple times for its illegal assessment of interest and fees on non-interest-bearing consumer debts.

73. Despite this, Hunter Warfield continues to routinely assess interest on consumer debts without any contractual or legal basis.

74. Mr. Miller has retained the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

**COUNT I**
**VIOLATIONS OF THE FCRA**

75. Mr. Miller adopts and incorporates paragraphs 1 – 74 as if fully stated herein.

76. Hunter Warfield violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it requested a credit report from Trans Union regarding Mr. Miller without a permissible purpose to obtain the report.

77. Hunter Warfield's conduct renders it liable under the FCRA to Mr. Miller in a statutory amount up to $1,000 per incident.

**WHEREFORE,** Mr. Miller respectfully requests that this Court enter judgment against Hunter Warfield for:

a. The greater of Mr. Miller's actual damages or statutory damages of **$1,000** per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), and / or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and / or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FDCPA**

78. Mr. Miller adopts and incorporates paragraphs 1 – 74 as if fully stated herein.

79. Hunter Warfield violated **15 U.S.C. § 1692e and 1692e(10)** when it made false and misleading representations in connection with the collection of a debt, and/or to obtain information about Plaintiff when it falsely certified to Trans Union that the Debt arose from a *Credit Transaction* involving Plaintiff when it requested a CBR regarding Plaintiff in May 2020.

80. Hunter Warfield violated **15 U.S.C. § 1692e and 1692e(10)** when it made false and misleading representations in connection with the collection of a debt, when it: (a) sent a dunning letter to Mr. Miller falsely claiming that the original creditor was "PATRICK PUTNEY GROUP LLC," and then reported this information to the CRAs; (b) claimed it had a right to add 3% annual

interest to the debt, when no contract authorizing interest existed, and the debt had not been reduced to judgment; and, (c) reported a balance owed to the CRAs which increased each month, reflecting the addition of unauthorized interest.

81. Hunter Warfield violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation regarding the character of the Debt when it falsely certified to Trans Union that the Debt arose from a *Credit Transaction* involving Plaintiff when it requested a CBR regarding Plaintiff in May 2020.

82. Hunter Warfield violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation regarding the character and amount of the Debt when it: (a) sent a dunning letter to Mr. Miller falsely claiming the original creditor was "PATRICK PUTNEY GROUP LLC," and then reported this information to the CRAs; (b) claimed it had a right to add 3% annual interest to the debt, when no contract authorizing interest existed, and the debt had not been reduced to judgment; and, (c) reported a balance owed to the CRAs which increased each month, reflecting the addition of unauthorized interest.

83. Hunter Warfield violated **15 U.S.C. § 1692e(8)** when it communicated credit information known to be false when it falsely certified to Trans Union that the Debt arose from a *Credit Transaction* involving Plaintiff in conjunction with its request for a CBR regarding Plaintiff in May 2020.

84. Hunter Warfield violated **15 U.S.C. § 1692e(8)** when it communicated credit information known to be false when it falsely reported to the CRAs and falsely indicated in its collection letter that the original creditor of the Debt was "PATRICK PUTNEY GROUP LLC," and that the alleged balance was subject to 3% annual interest, when it was not.

85. Hunter Warfield violated **15 U.S.C. § 1692f** when it used unfair means to collect a debt, by sending a dunning letter without meaningful identification of the original creditor, and then reporting the same false information to the CRAs, and by adding 3% interest when such amount was unauthorized.

86. Hunter Warfield violated **15 U.S.C. § 1692f(1)** when it added fees not authorized by contract or law, to wit, 3% annual interest.

87. Hunter Warfield violated **15 U.S.C. § 1692g(1)** when it failed to provide accurate notice of the amount of the debt, claiming the amount was $18,091.85 plus 3% annual interest. Mr. Miller disputes any debt is owed, but even assuming, *arguendo*, the Debt was valid, it is still not subject to 3% annual interest.

88. Hunter Warfield violated **15 U.S.C. § 1692g(2)** when it failed to correctly provide the name of the creditor to whom the debt is owed.

89. Hunter Warfield is liable for the above-stated violations of the FDCPA, and Plaintiff is entitled to statutory damages not to exceed $1,000, plus reasonable attorney fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Hunter Warfield for:

a. Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

Mr. Miller hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **January 4, 2021**, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@SeraphLegal.com

Philip R. Goldberg
Florida Bar No.: 105940
PGoldberg@SeraphLegal.com

Seraph Legal, P.A.
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

I, Lawrence Miller, verify, certify, and declare as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

I have executed this on January 4, 2021 (date).

Lawrence Miller

*Lawrence Miller*

**ATTACHED EXHIBIT LIST**

A Plaintiff's Lease Agreement, Excerpt
B Account Statement from Gaslight
C Plaintiff's Trans Union Consumer Disclosure, September 11, 2020 – Inquiries Excerpt
D Hunter Warfield's Collection Letter to Plaintiff, May 28, 2020
E Move Out Inspection Sent to Plaintiff by Hunter Warfield
F Plaintiff's Trans Union Consumer Disclosure – Hunter Warfield Tradeline
G *Credit Reporting Resource Guide* – Original Creditor Name Excerpt

# EXHIBIT A
## Plaintiff's Lease Agreement – Excerpt







**LEASE AGREEMENT**

This Lease Agreement ("Lease") is made on 28th December 2015, on the following terms and conditions:
**Defined Terms:** The following terms shall be defined as follows in this Lease:

| | |
|---|---|
| **"Property" means:** | **Address: 3654 Middleton Ave** |
| | **Apt J** |
| | **Cincinnati, OH 45220** |

| | |
|---|---|
| **"Tenant" or "you" means the following individual(s), jointly and severally:** | **1.** Larry Miller **"Contact Person"** |
| | **2.** N/A |
| | **3. N/A** |
| | **4. N/A**<br>**Number of Children: N/A** |

| | |
|---|---|
| **"Landlord" or "We" or "Us" means:** | **Gaslight Property LLC, an Ohio limited liability company, as agent for the owner of the Property** |

| | |
|---|---|
| **"Lease Term" or "Term" means:** | **Start Date: January 1, 2016** |
| | **End Date: December 31, 2016** |

| | |
|---|---|
| **"Rent" means the following:** | **$ 6,540 for the Term payable** |
| | **in advance in twelve (12) equal installments of** |
| | **$ 545 per month. Rent is composed** |
| | **of the following amounts per month:** |
| | **Base Rent: $ 515** |
| | **Utility Charge:$ 25** |
| | **Trash Fee: $ 5** |
| | **Pet Fee: $ N/A** |
| | |
| | **TOTAL MONTHLY RENT: $ 545** |

| | |
|---|---|
| **"Security Deposit" means:** | **$ 515** |
| | **Paid as follows: in full** |

| | |
|---|---|
| **"Late Charge" means:** | **$50 assessed on the 6th day of each month, additional $25 on the 11th. An additional $25 assessed on the 21st and on the 26th additional $25 added to the preceding late fees.** |

| | |
|---|---|
| **"Pets" means:** | N/A |

**IMPORTANT: KEYS MAY NOT BE PICKED UP UNTIL 3:00 P.M. ON THE START DATE OF YOUR LEASE. KEYS MUST BE TURNED IN TO OUR OFFICE BY 11:59 A.M. ON THE END DATE OF YOUR LEASE. ALL UTILITIES THAT YOU ARE RESPONSIBLE FOR UNDER THIS LEASE WILL BE TURNED OFF ON THE START DATE. YOU MUST MAKE ARRANGEMENTS WITH THE UTILITY PROVIDER TO HAVE THEM TURNED ON.**

| Tenant Initials: LM | Date: 03/21/2016 | 1 |
|---|---|---|

# EXHIBIT B
## Account Statement from Gaslight


**Please detach and return this stub with your payment (if applicable)**

Gaslight Property Management
1600 Thompson Heights, Cincinnati , OH 45223

Resident code 388
Statement Date 4/9/2020
Amount Due $18,091.85
**Amount Enclosed** $_______.__

**Clifton Manor (353 McAlpin-3654 Middleton)**

Larry Miller

**Unit Address**
3654 Middleton Avenue Apt. J
Cincinnati, OH
45220

**Lease Start Date**
01/01/2016

**Lease End Date**
12/31/2016

**Notice Date**
02/18/2020

**Move Out Date**
03/09/2020

**Account Detail**

| Unit Number | Resident Name | Resident Code |
|---|---|---|
| 3654-J | Larry Miller | 388 |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| 03/09/2020 | :Security Deposit credit | -515.00 | | -515.00 |
| 03/09/2020 | Rent Charge (03/2020) Credit 22 days | -360.50 | | -875.50 |
| 03/09/2020 | Water and Sewer Charge (03/2020) Credit 22 days | -17.50 | | -893.00 |
| 03/09/2020 | Trash Fee (03/2020) Credit 22 days | -3.50 | | -896.50 |
| 03/09/2020 | Painting / Drywall / Punchout | 1,495.00 | | 598.50 |
| 03/09/2020 | Damage Charges - Demolition 64 hours | 1,472.00 | | 2,070.50 |
| 03/09/2020 | Damage Charges - Interior Furniture & fixtures | 4,478.14 | | 6,548.64 |
| 03/09/2020 | Damage Charges - Labor 360 hours | 8,280.00 | | 14,828.64 |
| 03/09/2020 | Damage Charges - Contractors | 1,537.00 | | 16,365.64 |
| 03/09/2020 | Damage Charges - Contingency Charges | 1,726.21 | | 18,091.85 |

**Total Due** **$18,091.85**
**Total Refunded** **$0.00**

**Please remit payment of certified funds to Gaslight Property Management within 10 days. Unpaid accounts will be sent to our collection agency. Acceptance of partial payments shall not be construed as payment in full for any reason despite any notation/representation on the contrary with said partial payment.**

**Any refund amount listed above shall be sent in separate correspondence.**

Portfolio Manager: ________________

# EXHIBIT C
## Plaintiff's Trans Union Consumer Disclosure – Inquiry Excerpt



9/11/2020 TransUnion

### Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries, certain collection companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

**HUNTER WARFIELD INC.**

3111 W DR MARTIN LUTHER
JR BLVD SECOND FLOOR
TAMPA, FL 33607
(813) 283-4500

**Requested On:** 05/27/2020

### Additional Information

The following disclosure of information might pertain to you. This additional information may include Special Messages, Office of Foreign Assets Control ("OFAC") Potential Name Matches, Inquiry Analysis, Military Lending Act ("MLA") Covered Borrower Information, and/or Third Party Supplemental Information. Authorized parties may also receive the additional information below from TransUnion.

### Special Messages

The following Special Messages may be provided to an authorized party when it makes an inquiry into your TransUnion credit report. These messages provide important details concerning the information contained in your file and/or the authorized party's inquiry.

**INPUT CURRENT ADDRESS HAS BEEN REPORTED AS SUSPICIOUS**

**SHOULD YOU WISH TO CONTACT TRANSUNION, YOU MAY DO SO,**

**Online:**
To report an inaccuracy, please visit: dispute.transunion.com
For answers to general questions, please visit: www.transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

***For all correspondence, please have your TransUnion file number available (located at the top of this report).***

### Consumer Rights

**Para informacion en espanol, visite www.consumerfinance.gov o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W. Washington, DC 20552.**

**A Summary of Your Rights Under the Fair Credit Reporting Act**

https://disclosure.transunion.com/coss/common/viewReportCRS3.jsp 6/8

# EXHIBIT D
## Hunter Warfield's Collection Letter to Plaintiff, May 28, 2020

HUNTER WARFIELD
4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

May 28, 2020

LARRY MILLER
[redacted]

| | |
|---|---|
| Original Creditor Name | PATRICK PUTNEY GROUP LLC |
| Current Creditor Name | PATRICK PUTNEY GROUP LLC |
| Creditor Account # | 3654-J |
| Hunter Warfield Account # | [redacted] |
| Principal | $18,091.85 |
| Amount Due | $18,091.85 |

Please be advised that your delinquency in the amount of $18,091.85 which is owed to our client, PATRICK PUTNEY GROUP LLC, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of your past due account.

As of the date of this letter you owe $18,091.85. Because of interest at the rate of 3.00%, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff.

If you have questions regarding your account or wish to pay over the phone by check or credit card, please contact a representative at 844-440-2806; or you may log into www.payhwi.com. You will need your account number and PIN provided below.

Sincerely,
Hunter Warfield, Inc.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Pay on-line at **www.payhwi.com**. You will need your Account Number [redacted] and PIN Code 4218 .
Go paperless! Just go to **www.hunterwarfield.com** and click on the "Email Us" button.
Call us at **866-494-9902**; if you are a New York City resident please call **866-494-7360**. Hours of operation Mon-Fri 8am to 5pm EST
Pay by Mail by sending your check, money order, certified funds or credit card information along with this remittance stub.

☐ MC ☐ VISA ☐ DIS ☐ AMEX ☐ CHECK/MONEY ORDER

CARD/CHECK NUMBER | CARD EXP DATE | CVV

SIGNATURE

| | |
|---|---|
| ACCOUNT NAME<br>LARRY MILLER | ACCOUNT NUMBER<br>[redacted] |
| CREDITOR NAME<br>PATRICK PUTNEY GROUP LLC | AMOUNT PAID |

IF PAYING BY CREDIT CARD OR CHECK, FILL OUT ABOVE ▪ CHECK METHOD OF PAYMENT

HUNTER WARFIELD
4620 Woodland Corporate Blvd
Tampa, FL 33614
844-440-2806

9485326/PND1/10439037

# EXHIBIT D
# Hunter Warfield's Collection Letter to Plaintiff, May 28, 2020

**FEDERAL AND STATE DEBT COLLECTION LAWS AND/OR THE FAIR CREDIT REPORTING ACT REQUIRE THE FOLLOWING DISCLOSURES:**

**Required by Fair Credit Reporting Act:** You have the right to inspect your credit report.

**PAYMENT DISCLOSURES:**

**Payment by Check:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**Required by Fair Debt Collection Practices Act:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collector may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any further action authorized by law to collect the debt. Colorado office: Colorado Manager, Inc., Building B, 80 Garden Center, Ste 3, Broomfield, CO 80020. (303) 920-4763.

**IDAHO:** Managers can be reached at 1-866-494-9902, Mon.-Fri. 8am to 5pm, EST.

**MASSACHUSSETTS:** Send payments to Hunter Warfield of New England, Inc., 4620 Woodland Corporate Blvd., Tampa, FL 33614. Office hours: 8am – 5pm EST. Monday – Friday.
NOTICE OF IMPORTANT RIGHTS:
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MAINE:** Hours of operation are Mon. - Fri. 8am-5pm, EST. We can be reached at 866-494-9902

**MINNESOTA:** This collection agency is licensed by the Minnesota Department of Commerce.

**NORTH CAROLINA:** North Carolina Department of Insurance Permit Number 4129 and 104133.

**STATE OF NEW YORK: In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.**

**CITY OF NEW YORK: New York City Department of Consumer Affairs License Number 1197082. Collection manager, Mike Geary, can be reached at 1-866-494-7360, Mon. - Fri. 9am to 5pm, EST.**

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Services Board.

**UTAH:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period.

**WISCONSIN:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

# EXHIBIT E
# Move Out Inspection Sent to Plaintiff by Hunter Warfield

## 3654#J Move Out Inspection

Wednesday, March 11, 2020

**14 Issues Identified**

Michelle Bohman

Trails of Saddlebrook

# EXHIBIT E
## Move Out Inspection Sent to Plaintiff by Hunter Warfield




Issue 1




Issue 2




Issue 3

# EXHIBIT F
# Plaintiff's Trans Union Consumer Disclosure – Hunter Warfield Tradeline

9/11/2020 TransUnion

**HUNTER WARFIELD INC #**[redacted]
4620 WOODLAND CORP BLVD
TAMPA, FL 33614
(866) 494-9902

| | | | | | |
|---|---|---|---|---|---|
| **Placed for collection:** | 05/24/2020 | **Balance:** | $18,197 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 09/05/2020 | | |
| **Account Type:** | Open Account | **Original Amount:** | $18,091 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | PATRICK PUTNEY GROUP LLC | | |
| | | **Past Due:** | >$18,197< | | |

**Remarks:** Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 01/2027

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

https://disclosure.transunion.com/coss/common/viewReportCRS3.jsp 2/8

# EXHIBIT G
## *Credit Reporting Resource Guide*, Original Creditor Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |


*Copyright 2011 © Consumer Data Industry Association*